

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Homer D. Eck
County Auditor
Fayette County
LaGrange, Texas

Dear Sir:

Opinion No. O-6238
Re: Under the given facts, is
Fayette County legally au-
thorized to pay the claim
of the Warden of the Texas
Prison System?

From your letter of recent date, we quote the fol-
lowing:

"The District Court Clerk of Fayette County,
Texas, handed me a statement from H. E. Moore,
Warden, Texas Prison System, for his services ex-
ecution of Willie Johnson, $25.00.

"The letter to the Clerk reads: 'In accord-
ance with provisions of Section 11, S.B. No. 54,
Chapter 51, Legislature of the State of Texas, I
am herewith submitting statement and Warden's Re-
turn after Execution, as provided for in the afore-
said section.'

"Is the County legally authorized to pay this
claim?

". . . . ."

The reference is undoubtedly to Section 11, General
Laws, Thirty-Eighth Legislature, Second Called Session, Chap-
ter 51, page 111, which was passed as Senate Bill No. 63 of
said Legislature. We have no doubt but that "Willie Johnson"
was found guilty of a capital felony and executed in compliance
with the judgment of the District Court of your county (John-
son v. State, 160 S. W. (2d) 442.)

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

You are referred to Article 810, Code of Criminal Procedure of Texas, which is the legislative enactment specified in your letter, unchanged:

"The warden, or other person, conducting the execution shall be allowed therefor twenty-five dollars to be paid by the county in which judgment of execution was rendered, and the commissioners court of such county shall approve such account and order it paid out of the general funds of the county, upon the certificate of the district clerk of the county, showing the return by the warden of the death warrant, with execution of sentence endorsed thereon."

This article is a part of subdivision 2 of Chapter 4, Title 9, Code of Criminal Procedure, relating to the mode of enforcing judgment in capital cases. We know of no constitutional or legal reason why it is not a valid law. The Appellate Courts have never been called upon for a ruling as to its validity.

By virtue of the provisions of the quoted statute, you are advised that it is our opinion that the charge for execution is a legal one and should be paid upon the district clerk's certificate as provided by said article.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s.    Benjamin Woodall
Assistant

BW:db:ddt

Approved Oct 6, 1944  Carlos C. Ashley  First Assistant
Attorney General

Approved Opinion Committee  By BWB  Chairman